IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA MOORE | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | No. 17-1324 |
|     v. | : | |
| | : | |
| KEVIN M. BYRNES, | : | |
|     Defendant. | : | |

**MCHUGH, J.**                                                                                                                                                                               June 21, 2017

<u>**MEMORANDUM**</u>

This is a personal injury suit arising out of an automobile accident. The allegedly negligent party was a DEA agent driving a government vehicle; accordingly, the United States moved to assume his defense and remove the action from state court under the Federal Tort Claims Act (FTCA). *See* ECF #3, Mot. to Substitute U.S. and Dismiss the Compl. The Government's removal notice asserted that defendant Kevin Byrnes was a federal employee, but failed to provide a Certification that he was acting in an official capacity. That defect was later remedied by a certification signed by the Deputy Chief of the Civil Division of the Office of the United States Attorney. Plaintiff contested federal jurisdiction, and moved to remand. Because Plaintiff disputed jurisdiction, citing specific remarks made by the agent following the accident as to what he was doing at the time, I ordered the government to submit an affidavit from him. Simultaneously, I ordered Plaintiff to respond to the Government's contention that she had the consented to federal jurisdiction by presenting a claim for property damage. The record is now complete.

Citing the Westfall Act, 28 U.S.C. Section 2679(d)(2), the Government asserts that certification by the Attorney General "conclusively establishes the employee is acting in the

1

scope of employment." Opp. to Mot. to Remand at 2.  The Government is correct.  Under the FTCA, as to certain categories of employees, including law enforcement agents, the Attorney General can insist upon federal court as the forum to resolve the case, even if the plaintiff can prove that the government employee in question was acting outside the course and scope of employment.  As held by the Supreme Court, "Congress has barred a District Court from passing the case back to the state court where it originated based on the court's disagreement with the Attorney General's scope-of-employment determination." *Osborne v. Haley,* 549 U.S. 225, 127 S. St. 881, 895 (2007).  In point of fact, the Third Circuit had interpreted the Westfall Act in this manner even before the Supreme Court did.  *See Aliota v. Graham,* 984 F.2d 1350, 1356 (3d Cir.1993).  As to this class of federal employees, for policy reasons, Congress has specified that certification by the Attorney General is in fact dispositive, irrespective of the merits.

I conclude therefore that this case was properly removed, and that the United States of America must be substituted as the defendant.  Furthermore, because this action is governed by the FTCA, Plaintiff is required to present an administrative claim before filing suit.  28 U.S.C. § 2675(a).  This requirement is jurisdictional.  *Tucker v. United States Postal Service,* 676 F.2d 954, 959 (3d Cir.1982).  I am therefore constrained to grant the Government's Motion to Dismiss pending the presentation of an administrative claim.

      /s/ Gerald Austin McHugh
      United States District Judge